# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ELIZABETH F. HAYES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-00590-CV-W-RED |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Elizabeth Hayes (hereinafter "Plaintiff") seeks judicial review of the Commissioner's denial of her request for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has exhausted all of her administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

## BACKGROUND

The parties present complete facts and arguments in their briefs. The ALJ's decision also sets forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

## LEGAL STANDARD

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of defendant's brief without quotation or citation.

evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a *de novo* review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work

that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that she is disabled. If the claimant is not able to perform her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

## ANALYSIS

**I.      The ALJ Properly Evaluated Plaintiff's Impairments**

Plaintiff first argues the ALJ failed to properly evaluate her impairments. The ALJ determined Plaintiff's degenerative disc disease, degenerative joint disease, bipolar disorder and hepatitis C were severe impairments. However, Plaintiff argues the ALJ improperly failed to find her osteoarthritis, fibromyalgia, depression and anxiety constituted additional severe impairments. After review, the Court finds the ALJ's findings are supported by the record.

Regarding Plaintiff's osteoarthritis in her hands, Plaintiff reported difficulty gripping, but noted during the disability process that her ability to use her hands was not significantly limited, and admitted that her daily activities included writing letters and doing puzzles. The ALJ also discounted one evaluation where Plaintiff exhibited bizarre behavior and had "claw like hands" because it was inconsistent with Plaintiff's visits to the doctor immediately before and after the evaluation. In addition, x-rays of Plaintiff's hands on one occasion during the relevant time period revealed only mild degenerative changes. As the ALJ properly noted, these inconsistencies reflect

3

negatively on Plaintiff's credibility and suggest she may have exaggerated some symptoms.

Regarding Plaintiff's allegations of pain from fibromyalgia, the ALJ found Plaintiff's complaints not entirely credible. For example, the ALJ noted that in 2007 Plaintiff underwent an evaluation for complaints of back and muscle pain, but x-rays of the back, hands, and knees "demonstrated only mild degenerative changes consistent with osteoarthritis," and the mild conditions the doctors found "would not be expected to result in total disability." The doctor prescribed over-the-counter Naprosyn and did not limit Plaintiff's work activities. Such an evaluation does not indicate Plaintiff suffered from a severe impairment. *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993) (pain which can be remedied or controlled with over-the-counter drugs does not support a finding of disability).

Plaintiff also argues the ALJ failed to properly discuss her anxiety and depression. However, while the ALJ did not extensively discuss Plaintiff's depression and anxiety, that does not mean he did not consider it. *See Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) ("[A]n ALJ is not required to discuss every piece of evidence submitted," and "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered"). A review of the record shows the ALJ found Plaintiff may have exaggerated her mental condition during her psychological evaluation on April 24, 2008, and the ALJ concluded this reflected negatively on Plaintiff's credibility as to her mental impairments. The ALJ based the conclusion on the fact that her doctor found no reason to prescribe new medication or refer Plaintiff to a specialist during a visit shortly before the exam, and observed nothing unusual shortly after the exam. Despite these inconsistencies, it appears the ALJ evaluated Plaintiff's mental impairments and included significant limitations reflecting the severity of Plaintiff's condition in her RFC.

Finally, Plaintiff argues the ALJ should have ordered a consultative exam. However, "[a]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). After review, the Court finds the evidence of record was sufficient for the ALJ to render his conclusions. The Court finds no error in the ALJ's determinations regarding Plaintiff's impairments.

## II.     The ALJ's RFC Determination Was Supported By Substantial Evidence

The ALJ concluded Plaintiff retained the residual functional capacity to perform light work, that she could lift and carry 10 pounds occasionally, and she could stand and walk for 2 hours and sit for 6 hours in an 8-hour work day. The ALJ found she would be limited to jobs that involved only occasional contact with the public, and involved understanding, remembering and following only simple instructions. Plaintiff argues the ALJ's RFC was deficient because it failed to consider Plaintiff's "severe impairments" of fibromyalgia, osteoarthritis in her hands, depression and anxiety. Plaintiff also argues the RFC determination was improper because it did not provide a sufficient link between the evidence and the RFC, and because the ALJ improperly rejected Plaintiff's testimony.

First, regarding the narrative link between the evidence and the RFC, the ALJ need not provide each limitation in the RFC immediately followed by a list of the specific evidence supporting that limitation. The Court finds the ALJ provided a sufficient link. Second, regarding Plaintiff's argument that the RFC was improper because it failed to include her alleged severe impairments of osteoarthritis, fibromyalgia, depression and anxiety, an RFC calculation need only include Plaintiff's credible limitations. *Tindell v. Barnhart*, 444 F.3d 1002, 1007 (8th Cir. 2006). The ALJ properly evaluated the evidence regarding these limitations, and determined the evidence

5

does not support a finding that they were severe impairments. Finally, regarding Plaintiff's argument that the ALJ's failed to properly consider her testimony, an ALJ may properly discount subjective complaints if inconsistencies exist in the record as a whole, and the Court has already noted specific passages in the ALJ's decision where the ALJ discounted Plaintiff's subjective complaints because they were inconsistent with the evidence of record. *See Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006).

The Court finds the ALJ's RFC determination is supported by substantial evidence of record.

## **CONCLUSION**

For the reasons cited herein, the decision of the Administrative Law Judge is hereby **AFFIRMED**

**IT IS SO ORDERED.**

DATE:   July 2, 2010          */s/ Richard E. Dorr*
                               RICHARD E. DORR, JUDGE
                               UNITED STATES DISTRICT COURT